## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UNIVITA HOLDINGS LLC, et al.[1], | Case No. 15-11786 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: November 12, 2015 at 9:30 a.m.<br>Objection Deadline: November 5, 2015 at 4:00 p.m. |

## NOTICE OF SALE OF ASSETS, BID AND AUCTION PROCEDURES AND DEADLINES

**PLEASE TAKE NOTICE THAT:[2]**

1.      On October 22, 2015, 2015, David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of Univita Holdings LLC, *et al.* (the "Debtors"), filed the **Motion Of The Chapter 7 Trustee For Entry Of An Order Under 11 U.S.C. §§ 105(a), 363, And 365 And Federal Rules Of Bankruptcy Procedure 2002, 6004, 6006 And 9014 (I) Approving The Sale Of Substantially All Of The Assets of the Debtors' Estates; (II) Approving The Assumption And Assignment Of Executory Contracts And/Or Unexpired Leases; (III) Extending the Time to Assume or Reject Executory Contracts and Unexpired Leases of Nonresidential Real Property and Perform Obligations Arising Under Any Unexpired Lease of Nonresidential Real Property; (IV) Authorizing Consummation Of The Transactions Contemplated Therein; And (V) Granting Related Relief** (the "Motion").  By the Motion, which is attached hereto, the Trustee seeks, among other things, to: (i) sell substantially all of the Debtors' assets (the "Assets") free and clear of liens and encumbrances; (ii) assume and assign certain contracts and nonresidential real property leases; and (iii) extend the time to assume or reject executory contracts and unexpired leases and perform obligations arising under any unexpired lease of nonresidential real property.

2.      The Assets to be included in the sale transaction contemplated by the Motion (the "Sale Transaction") include substantially all of the assets of the Debtors, including but not limited to, all durable medical equipment located at former facilities of the Debtors principally in Florida and Tennessee, in home durable medical equipment located in various states including Florida, furniture, fixtures and equipment, intellectual property, vehicles and certain contracts and leases, including the Debtor's lease for the transfusion facility in Orlando, Florida, as detailed in the Motion.

---

[1] The Debtors are the following entities: Univita Holdings LLC (15-11786), Univita Health Holdings Corp. (15-11787), Univita Health Inc. (15-11788), Univita Homecare Holdings LLC (15-11789), Univita Homecare Solutions LLC (15-11790), Univita of Florida, Inc. (15-11791), Univita Health Systems Holdings, LLC (15-11792), Univita Healthcare Solutions LLC (15-11793), Univita of Georgia LLC (15-11794); Univita of Tennessee, Inc. (12-11795); Univita Healthcare Solutions of Georgia, Inc. (15-11796); and All-Med Management Systems of New York Independent Practice Association, Incorporated (15-11797).
[2]  Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion (defined herein).

3.      The Sale Transaction will proceed as follows:

With respect to the Assets, Tiger Capital Group, LLC ("Tiger") will offer at open auction (via telephone auction or video auction) the Assets for sale as a whole (the "Entirety Sale"), subject to higher and better offers in accordance with the bid provisions. Opening bidding on the entirety of the Assets shall be determined by the Trustee in consultation with his professionals and the Lender Parties after reviewing qualified bids but, at a minimum, shall not be less than the Stalking Horse Bid. At the conclusion of the Entirety Sale, (or at such later point in the Sale process as the Trustee and Tiger determine, in consultation and coordination with the Lender Parties), the Trustee and his advisors shall determine, in consultation with Tiger and the Lender Parties, based on the highest and best offer on the Assets, the prevailing Entirety Sale bid (the "Winning Entirety Sale Bid"), if any.  The Trustee shall not be required to accept the Winning Entirety Bid but shall also offer the Assets for Sale in Lots ("Lots Sale"), including the Acquired Assets as a Lot.  The Lots Sale of the Acquired Assets should be the last lot offered for sale.  At the conclusion of the Lots Sale (or at such other time as the Trustee and Tiger may determine, in consultation and coordination with the Lender Parties), the Trustee and his advisors, in consultation and coordination with Tiger and the Lender Parties, shall determine, based on the highest and best offers on the Lots, the prevailing Lots Sale bids (the "Winning Lots Bids") and aggregate thereof (the "Total Winning Lots Sale Bids").  At the conclusion of the auctions of the Assets, the Trustee and his advisors, in consultation and coordination with Tiger and the Lender Parties, will determine the highest and best offer for the Assets and that bid (or aggregate of bids in the case of the Winning Lots Bids) shall be deemed the "Winning Higher Bid(s)"; and

With respect to any Assets other than the Acquired Assets (including Acquired Assets sold by Lots), the Trustee may elect to place those Assets for sale pursuant to a subsequent on-line auction if the Trustee, in consultation and coordination with Tiger and the Lender Parties, determines that the highest bid for a Lot of such Assets is insufficient and greater value might be realized from an on-line auction of those Assets.  Any on-line auction shall commence November, 13, 2015 and conclude by November 19, 2015. Tiger will market the on-line auction concurrently with the telephonic auction.  Highest and best bids from the on-line auction will be subject to Court approval. After the on-line auction sale, the Trustee will submit a certification to the Court with a proposed Order approving the on-line sale on notice to all parties in interest.  The Trustee shall have the right, subject to consultation with the Lender Parties and any notice and any approvals which might be required, to revise the auction process prior to Sale by announcement thereof to all bidders.

4.      Bid Submissions on the Assets shall close by **5:00 p.m. on November 9, 2015**, **New York time** (the "Bid Deadline").  A 10% deposit shall be required from all prospective bidders together with their completed bid package by the Bid Deadline.  Tiger and the Trustee will consult and the Trustee shall determine on **November 10, 2015** all qualified bidders, in consultation and coordination with the Lender Parties.   The Stalking Horse as set forth in the Asset Purchase Agreement (the "APA")  is a qualified bidder as to the Acquired Assets set forth

in the APA.  The Sale shall be scheduled for **November 11, 2015**, **to commence at 11 a.m. New York time** (the "Sale Date" and "Sale Time").  Tiger shall use its best efforts to sell all Assets (including those which are not Acquired Assets as set forth in the APA) on the Sale Date.  Tiger shall conclude the Sale in all events (except those beyond the control of the Trustee and Tiger and any Assets other than Acquired Assets which the Trustee elects to sell by on-line auction) by midnight New York time on November 11, 2015.

5.      Bids shall be submitted pursuant to bid packages provided to prospective bidders by Tiger.  Any party who would like a bid package shall make such request via email to John Coelho at Tiger (JCoelho@tigergroup.com).  All bid packages shall be fully completed and submitted to Tiger, with copies to Seller's counsel by no later than the Bid Deadline. Bid Packages shall be sent to Tiger to the attention of John Coelho, SVP, Tiger Group, 84 State Street, Fourth Floor, Boston, Mass. 02109; with copies to Stephen M. Packman, Archer & Greiner, P.C., One Liberty Place, 32nd Floor, 1650 Market, Street, Philadelphia, Pa. 19103.

6.      A hearing to approve the Sale Transaction and the Motion (the "Sale Hearing") is scheduled for **November 12, 2015 at 9:30 a.m. (Eastern Time)** before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, DE 19801 (the "Bankruptcy Court").

7.      Any objections to the Motion must be set forth in writing and must state with particularity the grounds for such objections (the "Sale Objections").  Sale Objections must be filed on or before **November 5, 2015 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") with the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801 and served on: (a) the Trustee, David W. Carickhoff, Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1370, Wilmington, DE 19801 and (b) counsel for the Trustee, , Attn: Stephen M. Packman, Esq., Archer & Greiner, P.C., One Liberty Place, 32nd Floor, 1650 Market Street, Philadelphia, PA 19103.

8.      UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.

Dated:  October 22, 2015

*/s/ Jennifer L. Dering*
Jennifer L. Dering (No. 4918)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
E-mail: jdering@archerlaw.com

Proposed Counsel for the Chapter 7 Trustee

113156826v1