**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UNIVITA HOLDINGS LLC, et al.[1], | Case No. 15-11786 (MFW)<br>(Jointly Administered) |
| Debtors. | |

**STATUS REPORT OF THE CHAPTER 7 TRUSTEE**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (collectively, the "Debtors"), hereby files this status report in the above-captioned chapter 7 cases:

1. Prior to the Petition Date, the Debtors were engaged in the business of providing, among other services, services to the long-term care insurance industry, nursing care management services, home healthcare management services, durable medical equipment services, oxygen and respiratory therapy, drug and infusion therapy, in-home nursing, administrative services to health plans, medical claim adjudication and other medical and medical-related services.

1. On August 28, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee has been appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

2. At the outset of these cases, the Trustee sold substantially all of the Debtors' assets through a series of Court-approved sale transactions. Thereafter, the Trustee abandoned certain

[1] The Debtors are the following entities: Univita Holdings LLC (15-11786), Univita Health Holdings Corp. (15-11787), Univita Health Inc. (15-11788), Univita Homecare Holdings LLC (15-11789), Univita Homecare Solutions LLC (15-11790), Univita of Florida, Inc. (15-11791), Univita Health Systems Holdings, LLC (15-11792), Univita Healthcare Solutions LLC (15-11793), Univita of Georgia LLC (15-11794); Univita of Tennessee, Inc. (12-11795); Univita Healthcare Solutions of Georgia, Inc. (15- 11796); and All-Med Management Systems of New York Independent Practice Association, Incorporated (15-11797).

remaining assets, including certain durable medical equipment, for which the Trustee could not find a buyer.

3. The Trustee investigated potential causes of action arising under chapter 5 of the Bankruptcy Code. The Trustee sent out demand letters and ultimately commenced 46 adversary proceedings seeking, *inter alia*, to avoid and recover preferential transfers pursuant to section 547 of the Bankruptcy Code (the "Avoidance Actions"). All of the Avoidance Actions have been resolved and the Trustee has recovered $3,027,863 on account of the Avoidance Actions.

4. The Trustee also investigated various accounts receivable, which the Debtors' schedules of assets and liabilities showed as owing from health care insurers. The Trustee sent out demand letters and spent significant time and effort reconciling these accounts receivable claims as well as defenses asserted by the insurers. The Trustee completed that reconciliation and reached Court approved resolutions with certain of the insurers.

5. Given the nature of their business, the Debtors maintained certain records, which could be considered patient records under applicable law. The Trustee obtained Court approval of procedures to maintain and dispose of both patient and non-patient records. Consistent with these procedures, the Trustee contacted patients and provided them with an opportunity to obtain their records, as required by section 351 of the Bankruptcy Code. The statutory period under section 351 of the Bankruptcy Code during which the Trustee must maintain the patient records expired and the Trustee has completed the substantial undertaking associated with disposing of patient and non-patient records, in accordance with the Court approved procedures.[2]

[2] The Trustee has disposed of all patient records as well as certain non-patient records stored with Iron Mountain. The Trustee is still maintaining with Hill Archive certain non-patient records which may be necessary to complete the administration of these cases.

6. The Trustee is continuing to focus on reconciling claims filed against the Debtors' estates and the resolution of a pending WARN Act adversary proceeding. Given the number of claims filed and the issues raised as a result of the WARN Act adversary, this has been, and continues to be, a substantial and time-consuming undertaking. To date, the Trustee has filed six omnibus claim objections [Dkt. Nos. 586- 588, 590, 591, & 613]. The Trustee continues to work to complete the claims reconciliation process, resolve the WARN Act adversary proceeding, and address any other wind-up tasks necessary to complete the administration of these estates.

Dated: July 22, 2026
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ Alan M. Root

Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email: root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*